# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 23, 2000 Session

## RICK ROELKE v. WILLIAM HICKERSON, M.D., ET AL.

### An Appeal from the Circuit Court for Shelby County
### No. 303415 - 3 T.D.    Karen R. Williams, Judge

### No. W2000-00455-COA-R3-CV - Filed July 25, 2001

This is a medical malpractice case. The trial court dismissed the plaintiff's complaint because it was not filed within the applicable statute of limitations. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Rick Roelke, Millington, Tennessee, Pro Se.

William H. Haltom, Jr., Michael E. Keeney, and Craig C. Conley, Memphis, Tennessee, for the appellees, William Hickerson, M.D. and UT Medical Group.

### MEMORANDUM OPINION[1]

In this medical malpractice case, Plaintiff/Appellant Rick Roelke filed suit against Dr. William Hickerson and the UT Medical Group in General Sessions Court on April 1, 1999, for medical malpractice, fraudulent concealment, and negligence. The General Sessions Court dismissed the complaint, and Roelke appealed to Circuit Court. Roelke contemporaneously filed a complaint in Circuit Court alleging the same claims against the Regional Medical Center at Memphis, and the cases were consolidated. Defendants Hickerson and the UT Medical Group filed a motion to dismiss, alleging that Plaintiff Roelke's claims were time-barred. The Circuit Court granted the Defendants' motion to dismiss on February 1, 2000. Roelke now appeals.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Roelke alleged in his complaint that the Defendants performed surgery on his left foot on May 21, 1997, and that he developed an infection in his left foot and urinary tract problems in October and December 1997. The statute of limitations applicable to a medical malpractice action is one year from the date of the negligent act or omission, or if the injury is not discovered within the one year period, within one year from the date of discovery. *See* Tenn. Code Ann. § 29-26-116 (2000). Roelke admits that his lawsuit should have been filed by May 21, 1998, within one year of the date of his surgery, since he discovered his alleged injury within that one year period. Even assuming that Roelke had one year from the date of the discovery of his alleged injury in October or December 1997, his lawsuit filed on April 1, 1999 was untimely. Accordingly, it is clear that the trial court did not err in dismissing Roelke's complaint as time-barred.

The decision of the trial court is affirmed. Costs of this appeal are taxed to the appellant, Rick Roelke, and his surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE